UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCO A. PEREZ,

    Plaintiff,

v.

C. E. DUCART, et al.,

    Defendants.

Case No. 17-05562 BLF (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against officials at the Pelican Bay State Prison ("PBSP"). The Court dismissed the complaint with leave to amend. (Docket No. 8.) Plaintiff filed an amended complaint. (Docket No. 10.)

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

Plaintiff claims that on July 10, 2014, Defendants unlawfully imposed a $10,000 restitution fine under the Mandatory Victims Restitution Act of 1996 ("MVRA"). (Am. Compl. at 5.) Plaintiff first claims that he was not provided with proper notice as required by the state regulations and in violation of due process. (*Id.* at 4-5.) Plaintiff also claims that the imposition violates the provisions of the MVRA because he was convicted and sentenced on March 3, 1987, and the MVRA only applies to convictions occurring on or after April 24, 1996. (*Id.*) Plaintiff claims that on April 14, 2014, he got into an argument with Defendant J. Rush about moving to a different "pod," and that Defendant Rush threatened "that he would get even" with Plaintiff for making him "look bad" in front of his superiors. (*Id.* at 7.) Plaintiff states that it is "[his] belief [Defendant] J. Rush was behind the restitution fine showing up on [his] trust account in retaliation, because of [his] legal actions." (*Id.* at 7.) Lastly, Plaintiff claims that on May 30, 2014, Defendants Graham and Watson confiscated his legal documents and material, which resulted in his abandoning his claims in a pending lawsuit, and that Appeals Coordinator N. Bramucci "stonewalled" him in the appeals process regarding that matter. (*Id.* at 7-8.)

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789,

2

795 (9th Cir. 1995). Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). For example, an inmate may not be deprived of property pursuant to established state procedures without pre-deprivation process if the deprivation is predictable and pre-deprivation process possible. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994) (due process violated where property deprivation predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure), *aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc*, 75 F.3d 1311 (9th Cir. 1996) (en banc). Here, Plaintiff asserts that he was not provided proper notice of the restitution fine. The named defendants involved in this claim are: Defendants Ducart who "signed off" on the fine; Defendant Keevil who failed to issue the "direct order" for the fine; Defendant Badura who gave Plaintiff an "illegal minute order" and a notice that was not in compliance with state regulations; Defendant Townsend who refused to remove the illegal fine; and Defendant Bradbury who denied his appeal and allowed the fine to remain. (Am. Compl. at 2-3.) Liberally construed, Plaintiff's allegations are sufficient to state a due process claim because the imposition of the restitution fine was predictable and pre-deprivation process was possible. *Id.*

With respect to the retaliation claim against Defendant Rush, the Court dismissed this claim with leave to amend for Plaintiff to attempt to state sufficient facts to state a claim. (Docket No. 8 at 2-3.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations

are again insufficient to state a cognizable claim for First Amendment retaliation because he has failed to establish all five elements necessary for a retaliation claim. First of all, Plaintiff's assertion that Defendant Rush was responsible for the restitution fine appearing on his trust account based on his alleged threats to "get even" is conclusory and not supported by any factual allegations. Other than Plaintiff's personal "belief," he offers no evidence of a causal connection between Defendant Rush's alleged threat and the appearance of the restitution fine. Secondly, Plaintiff has failed to explain how his refusal to move from one pod to another can be considered "legal actions" which constitutes protected conduct that is protected by the First Amendment. (Am. Compl. at 7.) Lastly, Plaintiff again fails to explain how his First Amendment rights were "chilled" by the adverse action against him. This is Plaintiff's second opportunity to state a cognizable retaliation claim against Defendant Rush, and he has failed to do so. Accordingly, this claim against Defendant Rush is DISMISSED for failure to state a claim.

Lastly, with respect to the deprivation of property by Defendants Graham and Watson and related claim regarding his appeal against Defendant Bramucci, these are new claims which were not included in the original complaint and against newly named Defendants. (Am. Compl. ¶¶ 30, 31.) "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Furthermore, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim,

4

multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). Here, the new claims against Defendants Graham, Watson, and Bramucci do not comply with Rule 18(a) or Rule 20(a)(2) and are therefore improperly joined in this action. Accordingly, the claims against them are DISMISSED without prejudice to Plaintiff filing them in a separate action.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the first amended complaint, (Docket No. 10), all attachments thereto, and a copy of this order upon **Defendants C. E. Ducart, B. Keevil, P. Badura, M. Townsend, and D. Bradbury** at **Pelican Bay State Prison (P.O. Box 7000, Crescent City, CA 95531-7000)**. The Clerk shall also mail a copy of this Order to Plaintiff.

Defendants J. Rush, Graham, Watson, and Bramucci are **DISMISSED** from this action as the claims against them have been dismissed without prejudice to filing in a separate action. The Clerk shall terminate them from this action and include two copies of the court's form complaint with a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that

5

pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    3.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment

6

must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: July 24, 2018

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\BLF\CR.17\05562Perez_svc

7