UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. E. DUCART, et al.,<br><br>    Defendants. | Case No. 17-05562 BLF (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br><br>(Docket No. 25) |

Plaintiff, a state prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against officials at the Pelican Bay State Prison ("PBSP") challenging the imposition of a restitution fine. The Court found the amended complaint, (Docket No. 10), stated a cognizable due process claim and ordered the matter served on Defendants C. E. Ducart, B. Keevil, P. Badura, M. Townsend, and D. Bradbury.[1] (Docket No. 11.) Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds: the due process claim is barred by *Heck v. Humphrey*; the complaint fails to state a claim for due process against them; they are entitled to

---

[1] The Court dismissed a retaliation claim for failure to state a claim and other newly raised claims that were unrelated and therefore improperly joined to this action. (*See* Docket No. 11 at 3-5.)

qualified immunity; the Eleventh Amendment bars the suit for official capacity damages; Plaintiff has not pleaded a claim for punitive damages; and Plaintiff is not entitled to either a preliminary or permanent injunction. (Docket No. 25, hereafter "Mot.") Plaintiff filed opposition, (Docket No. 26), and Defendants filed a reply, (Docket No. 31).

In support of their motion, Defendants filed a request for judicial notice, followed by an amended request, of the following documents: a copy of the abstract of judgment from the Los Angeles County Superior Court, Case No. A566957, People v. Perez, dated by the court as February 26, 1987, (Ex. A); copy of the minute entry order from the Los Angeles County Superior Court, Case No. A566967, People v. Perez, dated February 5, 1987, (Ex. B); and a copy of the decision issued by the California Court of Appeals, Second Appellate District, Case No. B026811, People v. Perez, dated November 1, 1990, (Ex. C). (Docket No. 29-1, Defs.' Amended Request for Judicial Notice ("RJN").) The Court GRANTS the request for judicial notice of these documents because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Furthermore, these records are proceedings in other courts which have a direct relation to matters at issue. See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). (internal quotation marks and citations omitted).

Defendants argue in reply that Plaintiff's opposition should be stricken. (Reply at 2.) Local Rules 7-3(a) and 7-4(b) provide that a brief or memorandum contained in an opposition to a motion may not exceed 25 pages of text unless the Court has ordered otherwise at a party's request prior to the due date. (Reply at 2); Civil L.R. 7-3(a); Civil L.R. 7-4(b). Defendants argue that Plaintiff's opposition includes a memorandum or points and authorities that is 54 pages long, (Docket No. 26), and that Plaintiff did not

2

request leave to exceed the page limit. (*Id.*) The Court agrees that Plaintiff's opposition far exceeds the 25-page limitation and is in violation of the local rules. However, in the interest of justice, the Court will accept the first 25 pages of the memorandum as Plaintiff's opposition and strike the rest.

For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## DISCUSSION

### A. <u>Plaintiff's Claims</u>

Plaintiff is an inmate currently housed at PBSP, where the alleged events occurred. (Am. Compl. at 2.) Plaintiff has been incarcerated since October 28, 1984, and was convicted and sentenced on March 3, 1987. (*Id.* at 5.) Plaintiff claims that he has been housed in seven California state prisons, including PBSP, and that before July 10, 2014, no restitution fine was ever imposed. (*Id.*) Plaintiff claims that on July 10, 2014, Defendants imposed a $10,000 restitution fine in violation of his due process rights and state regulations, and that he was not provided with proper notice. (*Id.* at 1, 4-5.) The allegations against the individual defendants include the following: Defendant Ducart "signed off" on the fine; Defendant Keevil failed to issue the "direct order" for the fine; Defendant Badura gave Plaintiff an "illegal minute order" and a notice that was not in compliance with state regulations; Defendant Townsend refused to remove the illegal fine; and Defendant Bradbury denied his inmate grievance appeal and allowed the fine to remain. (*Id*. at 2-3.) Plaintiff seeks declaratory relief, damages, including punitive, and injunctive relief. (*Id*. at 8-9.) Liberally construed, the Court found Plaintiff's allegations were sufficient to state a due process claim because the imposition of the restitution fine appeared to be predictable and pre-deprivation process was possible. (Docket No. 11 at 2-3.)

///
///

3

**B.     Analysis**

Failure to state a claim upon which relief can be granted is grounds for dismissal under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is

4

not contested. *See Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *See id*. at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *See Symington*, 51 F.3d at 1484.

### 1. **Plaintiff's Objections in Opposition**

As an initial matter, the Court will address several objections made by Plaintiff in his opposition. Firstly, Plaintiff asserts that Defendants' counsel acted in bad faith by referencing incorrect dates in the two exhibits included with Defendants' motion to dismiss. (Opp. at 3-6.) Plaintiff asserts that Defendants' counsel should be sanctioned for acting in bad faith and for "willful abuse of the judicial processes." (*Id.* at 6-7.) As noted above, Defendants subsequently filed an Amended Request for Judicial Notice along with a Notice of Errata, identifying the two errors in their original RJN request which are mentioned by Plaintiff. *See supra* at 2; (Docket Nos. 29, 29-1). Accordingly, the Court finds there was no bad faith by Defendants' counsel in this regard and rejects Plaintiff's request for sanctions.

Plaintiff next objects to Defendants' motion to dismiss as being improperly brought under Rule 12(b)(6), asserting that Defendants' request for judicial notice of exhibits introduces matters outside the pleadings, and therefore their motion should be treated as a motion for summary judgment. (Opp. at 7-12.) However, the Court may take judicial notice of facts that are not subject to reasonable dispute. *See Lee*, 250 F.3d at 688. The exhibits submitted by Defendants pertain to Plaintiff's state conviction in Case No. A566957, *People v. Perez*: an abstract of judgment, a minute entry order, and the state appellate court opinion on direct appeal. *See supra* at 2. Therefore, judicial notice of these documents may be granted and considered as support for Defendants' Rule 12(b)(6) motion because the facts therein are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), and

these records are proceedings in other courts which have a direct relation to matters at issue, *see Bias*, 508 F.3d at 1225. Accordingly, Plaintiff's request to convert Defendants' 12(b)(6) motion into a summary judgment motion is DENIED.

The Court will now address the grounds for Defendants' motion to dismiss.

### 2. *Heck* Bar

Defendants first assert that Plaintiff's claim challenging the imposition of the restitution fine is barred by *Heck* because the restitution fine was part of Plaintiff's criminal conviction and sentence. (Mot. 6-7.)

A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87.

Defendants point out that the minute order issued on February 3, 1987, shows that a restitution fine was imposed on Plaintiff as part of the sentence resulting from his criminal convictions for forcible rape, oral copulation, and sodomy, among other crimes. (Mot. At 7; RJN, Ex. B.) Furthermore, this restitution fine was not overturned on appeal to the California Court of Appeal, and it does not appear that Plaintiff specifically challenged the imposition of the restitution fine on appeal.[2] (*Id.*; RJN, Ex. C.) Lastly, the complaint does not allege that Plaintiff's conviction was invalidated on direct appeal, but rather simply denies that he ever owed restitution.

In opposition, Plaintiff asserts that Defendants are incorrect and that §1983 permits

---

[2] The only modification made by the state appellate court was to stay the sentence imposed by the trial court on counts VIII and XVI. (RJN, Ex. C at 36.)

6

him to pursue this claim. (Opp. at 12-14.) However, Plaintiff's analysis involves improper application of cases involving habeas jurisdiction versus §1983 claims to assert that because a successful § 1983 action "would not necessarily result in an earlier release from incarceration" that *Heck* does not apply. (*Id.* at 14.) This analysis is simply incorrect. The cases on which Plaintiff relies have to do with whether a claim should proceed as a habeas action or a §1983 claim and are not relevant to whether *Heck* applies.

Because Plaintiff is challenging the validity of the restitution aspect of his conviction and the conviction has not been invalidated, his due process claim is subject to the *Heck* bar. Accordingly, Defendants' motion that Plaintiff's claim is barred by *Heck* should be granted. *See Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (claim barred by *Heck* may be dismissed under Rule 12(b)(6)).

### 3. Failure to State a Due Process Claim

Defendants next assert that even if the claim was not *Heck* barred, Plaintiff fails to articulate a claim for a due process violation based on the imposition of the restitution fine. (Mot. at 7-9.)

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). For example, an inmate may not be deprived of property pursuant to established state procedures without pre-deprivation process if the deprivation is predictable and pre-deprivation process possible. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994) (due process violated where property deprivation predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state

7

procedures, provide no pre-deprivation procedure), *aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc*, 75 F.3d 1311 (9th Cir. 1996) (en banc). A prisoner's interest in the funds in his prison trust account is a protected property interest. *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015); *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). A state prisoner, therefore, may not be deprived of funds in his trust account without adequate due process. *See id.* at 1057; *Quick*, 754 F.2d at 1523.

Plaintiff asserts that the restitution fine was imposed unlawfully and for the first time on July 10, 2014, in violation of the Mandatory Victims' Restitution Act of 1996. *See supra* at 2. Plaintiff refers to an "illegal minute order dated 2-3-87 that also pardons the plaintiff." (Am. Compl. at 3.) However, Defendants submit a copy of the minute entry order dated February 3, 1987, which shows that Plaintiff was sentenced to a total of 99 years in prison and was ordered to pay a restitution fine of $10,000. (RJN, Ex. B.) At the bottom of the minute order is the following statement: "'Notice re Certificate of Rehabilitation and Pardon' given to defendant." (*Id.*) The Court can only surmise that this statement is what lead Plaintiff to believe, mistakenly, that this order constituted a "pardon." However, that statement merely indicates that Plaintiff was given notice, i.e., information, regarding a "Certificate of Rehabilitation and Pardon," not that he was actually issued such a document. Furthermore, when the matter was appealed to the California Court of Appeal, the restitution fine was not overturned. (RJN, Ex. C.) Plaintiff did not appeal the matter of the restitution fine, nor does he claim in this action that the restitution portion of his judgment was unlawfully imposed; he simply denies, incorrectly, that any restitution fine was ever a part of his state court criminal conviction. Accordingly, Plaintiff's claim that the restitution fine was imposed for the first time on July 10, 2014, without notice, is factually without merit.

Along with his opposition, Plaintiff filed a copy of his inmate grievance, Log No.

PBSP-14-01949, complaining about the restitution fine.[3] (Opp., Ex. 2.) According to the June 9, 2015 third level appeal decision, which is the final level of appeal, the PBSP Records Office staff discovered that the $10,000 restitution fine that was ordered by the trial court in case no. A566957 on February 3, 1987, was not listed on Plaintiff's trust fund account, and had it added on June 11, 2014. (*Id.* at 1.) The CDCR Inmate Account Branch Headquarters checked the restitution payment records of the seven institutions where Plaintiff had been housed and confirmed that no payments had been posted to this fine. (*Id.*) Although Plaintiff asserted during the grievance process that all his old fines had been cleared and settled, he was unable to provide proof of payment. (*Id.*)

Defendants assert that the deductions from Plaintiff's trust account were authorized and lawfully made in accordance with state law which satisfies the requirements of procedural due process. (Mot. at 9.) Plaintiff argues in opposition that the Court already determined in its screening order that he stated sufficient facts to state a cognizable due process claim, and therefore Defendants are foreclosed from moving to dismiss for failure to state a claim. (Opp. at 16-20.) Plaintiff also argues that he stated sufficient facts to state a retaliation claim, challenging the Court's dismissal of that claim on initial screening of the amended complaint. (*Id.* at 20-23.) However, the Court notes that Plaintiff was granted an opportunity to cure the defects of his original complaint, which included a retaliation claim, and he failed to do so. (Docket No. 11 at 4.) The Court is not persuaded that its ruling was incorrect, and Plaintiff sets forth no persuasive grounds for reconsideration.

After carefully reviewing Defendants' motion and the briefs on the matter, the Court finds Plaintiff has failed to state a due process claim, and Defendants' motion should be granted. A motion to dismiss should be granted if the complaint does not proffer

---

[3] The Court grants Plaintiff's request for judicial notice of this document, (Docket No. 27), as containing facts not subject to reasonable dispute. *See Lee v. County of Los Angeles*, 250 F.3d at 688; Fed. R. Evid. 201(b).

9

"enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. On initial review, the Court liberally construed the allegations to find that they stated a due process violation because the asserted facts indicated that Plaintiff never received notice of the restitution fine that was imposed. However, after taking into account the facts from the trial court records, the Court finds that Plaintiff received adequate process as a matter of law, (i.e., a criminal trial and judicial determination of financial responsibility as reflected by the February 3, 1987 minute order), and that the court ordered restitution fine constituted a valid basis for PBSP prison officials to deduct funds from Plaintiff's trust account because state law requires prison officials to make deductions from "the wages and trust account deposits of prisoners" for payment of restitution obligations. Cal. Penal Code § 2085.5(a); *see also* Cal. Code Regs. title 15, § 3097(h) ("Fines and direct orders of restitution shall be collected from inmates/parolees who owe restitution while the inmate/parole violator remains under the jurisdiction of the department, with certain exceptions, set out in subsection (j).") The fact that the deductions were not made until twenty-seven years later is of no consequence where the restitution fine was otherwise lawfully imposed. Plaintiff is not entitled to any additional process because the deductions were authorized by a valid act of the California legislature and the legislative process satisfied the requirements of due process. *See Frederickson v. Davis*, No. 17-03994 CRB (N.D. Cal. Nov. 15, 2018) (Docket No. 69 at 5). Accordingly, Plaintiff does not state a viable claim of deprivation of property without due process under § 1983. *Id.*; *accord Brown v. Schwarzenegger*, No. CIV S-06-2799 LKK GGH P, 2007 WL 397124, * 2 (E.D. Cal. Feb. 1, 2007). Defendants' motion to dismiss on that basis should be granted.

### 4. **Administrative Appeals**

Defendants also argue that Plaintiff's allegations that Defendants Townsend and Bradbury signed off on the response to his administrative appeal and refused to remove the fine or make any corrections also fails to state a claim. (Mot. at 10.) Defendants are correct. There is no constitutional right to a prison administrative appeal or grievance

system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order) ("There is no legitimate claim of entitlement to a grievance procedure."). There is also no right to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance"). Accordingly, Defendant Townsend and Bradbury's involvement in the grievance process, without more, is not sufficient to state a constitutional claim. Defendants' motion to dismiss in this respect should be granted.

### 5. **Conclusion**

Based on the foregoing, the Court finds Defendants' motion to dismiss this action should be granted as barred by *Heck*. *See supra* at 6-7. Furthermore, the due process claim and challenge to the administrative appeals should also be dismissed for failure to state a claim for relief. *Id.* at 9-10. Because the Court finds the due process claim is factually without merit and this deficiency cannot be cured by an amendment, Plaintiff shall not be granted leave to amend his complaint. *See Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

In light of this dismissal, it is not necessary to address Defendants' arguments that they are entitled to qualified immunity and that the Eleventh Amendment bars any damage claims against them in their official capacity. (Mot. at 10-11.) Nor is it necessary to address Defendants' arguments that Plaintiff is not entitled to punitive damages or any injunctive relief since the dismissal of the underlying due process claim means Plaintiff is not entitled to any relief.

///
///
///
///
///

11

**CONCLUSION**

For the foregoing reasons, Defendants C. E. Ducart, B. Keevil, P. Badura, M. Townsend, and D. Bradbury's motion to dismiss the action, (Docket NO. 25), is GRANTED. The due process claim against Defendants is DISMISSED with prejudice for failure to state a claim under Rule 12(b)(6).

This order terminates Docket No. 25.

**IT IS SO ORDERED.**

Dated: July 29, 2019

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Dismiss
PRO-SE\BLF\CR.17\05562Perez_grant-mtd

12